Phelan v. Thompson                          CV-94-104-M    03/12/96

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Thomas Phelan,
     Plaintiff,

     v.                                      Civil No. 94-104-M

Robert Thompson; Arthur Morrill;
Robert Berti; Kevin Maes;
and Town of Rumney, New Hampshire,
     Defendants.


                           O R D E R


     The Town of Rumney's motion for summary judgment (document

no. 41) is granted, it appearing from the undisputed facts that

the Town is entitled to judgment as a matter of law since the

unconstitutional action alleged by the plaintiff was not the

product of, nor was it "caused in fact" by, the implementation or

execution of a custom, or a policy statement, ordinance,

regulation, or decision officially adopted and promulgated by the

Town's governing officers.  See Monell v. Department of Social

Services, 436 U.S. 658 (1978).  Respondeat superior is not a

viable legal theory for holding local governmental bodies liable

for the constitutional violations of its employees.  Id.

Plaintiff has not articulated any causally linked policy or

custom which might support municipal liability.  Plaintiff's

argument that the defendant Thompson's own actions constituted "official policy" or "custom" due to his "high rank" is necessarily rejected as the facts as pled, if accepted as true, establish acts of an unauthorized and ultra vires character unsupported by any official policy or custom of the Town, and to attribute such acts to the Town for liability purposes would simply be to impermissibly impose respondeat superior liability under a different name.

The motion for summary judgment filed by the individual selectman defendants (document no. 41) is also granted. Plaintiff sues the selectmen not in their individual, but in their official capacities. Such suits under 42 U.S.C. § 1983, though brought against named individuals are in reality suits against the municipality. <u>Brandon v. Holt</u>, 469 U.S. 464 (1985). As discussed, due to the absence of an actionable official policy or custom motivating the claimed deprivation of constitutional rights, there can be no municipal liability for defendant Thompson's alleged conduct.

## Conclusion

The motions for summary judgment filed by defendants Town of Rumney and Selectmen Morrill, Berti and Maes (document no. 41)

2

are granted.  The court has been advised that the case is in all other respects settled.  <u>See</u> Local Rule 41.1

      SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

March 12, 1996

cc:  Robert J. Foley, Esq.
     Charles H. Riley, Jr., Esq.
     Robert Y. Murray, Esq.
     K. William Clauson, Esq.
     Donald E. Gardner, Esq.